UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:14-CR-20624-GAYLES/GARBER

**UNITED STATES OF AMERICA**

v.

**MODESTO HERNANDEZ**,

    Defendant.

_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant Modesto Hernandez's *pro se* Emergency Motion for Compassionate Release (the "Motion") [D.E. 34].[1] The Court has reviewed the Motion, the Presentence Investigation Report, and the record and is otherwise fully advised. For the following reasons, Defendant's Motion is denied.

## BACKGROUND

Defendant is a 71-year-old incarcerated at Federal Correctional Institution Coleman Low ("FCI Coleman Low") in Wildwood, Florida, with a projected release date of September 4, 2031. On March 3, 2015, the Court sentenced Defendant to a 240-month term of imprisonment for possession with intent to distribute a detectible amount of cocaine in violation of 21 U.S.C. § 841(a)(1), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i), and being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) and § 924(e). [D.E. 27 at 1]. The Court also imposed a three-year term of supervised release upon release from imprisonment. *Id.* at 3.

---

[1] The Court liberally construes the claims in the Motion because Defendant proceeds *pro se*. *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014) ("[Courts] liberally construe *pro se* filings . . . ." (citation omitted)).

On August 3, 2020, Defendant filed a request for compassionate release with the Warden at FCI Coleman Low. [D.E. 34 at 1]. On August 7, 2020, the Warden denied Defendant's request. *Id.* at 7. On September 3, 2020, Defendant filed the instant Motion asking the Court to reduce his sentence pursuant to 18 U.S.C. § 3528(c). *Id.* at 1. Defendant argues that his advanced age and medical conditions—including diabetes, high blood pressure, and emphysema—constitute extraordinary and compelling reasons that warrant his release. *Id.* at 3.

## LEGAL STANDARD

A court has limited authority to modify a sentence of imprisonment. *United States v. Burkes*, No. 9:18-CR-80113, 2020 WL 2308315, at *1 (S.D. Fla. May 8, 2020) (citing *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010)). Under 18 U.S.C. § 3582, as modified by the First Step Act of 2018, courts may reduce a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A) (2018); *see generally* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. If the defendant satisfies those administrative requirements and the factors outlined in 18 U.S.C. § 3553(a) support release, courts must then find that "extraordinary and compelling reasons warrant such a reduction . . . consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A)(i); *see also* 18 U.S.C. § 3553(a) (2018). Courts must also find that the defendant is "not a danger to the safety of any other person or to the community . . . ." U.S. Sent'g Guidelines Manual § 1B1.13(2) (U.S. Sent'g Comm'n 2018).

Thus, in order to grant the Motion, the Court must make specific findings that: (1) the § 3553(a) factors support Defendant's compassionate release; (2) extraordinary and compelling

reasons warrant Defendant's request; and (3) Defendant is not a danger to the safety of other persons or the community. The burden lies with Defendant to establish that his request is warranted. *See United States v. Hylander*, No. 18-CR-60017, 2020 WL 1915950, at *2 (S.D. Fla. Apr. 20, 2020) (citing *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013)).

## DISCUSSION

The Government does not dispute that Defendant properly exhausted his administrative remedies prior to filing the Motion, nor does it dispute that Defendant's medical conditions present extraordinary and compelling circumstances. [D.E. 36]. Rather, the Government argues that the Motion should be denied because (1) the § 3553(a) factors do not warrant Defendant's release and (2) Defendant poses a significant danger to the public safety. *Id.* The Court agrees that Defendant's Motion fails on the merits because the § 3553(a) factors do not support his release.

Section 3553(a) requires a court to "impose a sentence sufficient, but not greater than necessary . . . ." 18 U.S.C. § 3553(a). The Court must consider: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed" to "reflect the seriousness of the offense," "afford adequate deterrence," and "protect the public;" (3) "the kinds of sentences available;" (4) "the sentencing range;" (5) "any pertinent policy statement;" (6) "the need to avoid unwarranted sentence disparities;" and (7) "the need to provide restitution to any victims . . . ." *Id.*

The Court finds that the § 3553(a) factors do not support Defendant's release. Defendant's criminal history spans nearly four decades. [D.E. 25]. His fourteen prior felony convictions include multiple drug and firearm offenses. *Id.* at 6–12. Importantly, Defendant committed the instant offenses while on supervised release for previous federal drug and firearm convictions. *Id.* at 11–12 ¶ 34. Moreover, Defendant has only served approximately one-third of his original 240-month

term of imprisonment. Granting Defendant's Motion in light of his previous conduct would neither "reflect the seriousness of the offense" nor "promote a respect for the law . . . ." *See* § 3553(a)(2)(A). Considering all the § 3553 factors, the Court finds that they do not support Defendant's release and his request for compassionate release must be denied.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Modesto Hernandez's *pro se* Emergency Motion for Compassionate Release, [D.E. 34], is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of February, 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE